(No. 92-CV-1707–

*In re* APPLICATION OF MARABIA CLARK

*Opinion filed October 5, 1992.*
*Opinion filed May 13, 1993.*

MARABIA CLARK, *pro se,* for Claimant.

ROLAND W. BURRIS, Attorney General (CHARLES A. DAVIS, JR., Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

This claim arises out of an incident that occurred on November 20, 1991. Marabia Clark, mother of the deceased victim, Kahil Cuyler, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on February 20, 1992, on the form

prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on November 20, 1991, the Claimant's deceased son, Kahil Cuyler, age 18, was a victim of a violent crime as defined in section 72(c) of the Act, to wit, first degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1).

2. That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 76.1 of the Act have been met.

3. That the Claimant seeks compensation for funeral expenses and for medical/hospital expenses incurred prior to the victim's death.

4. That pursuant to section 80.1(c) of the Act, a person related to the victim may be compensated for funeral, medical and hospital expenses of the victim to the extent to which he has paid or become obligated to pay such expenses.

5. That the Claimant incurred funeral expenses in the amount of $1,317.95, all of which has been paid.

6. That after considering insurance and other sources of recovery, the Claimant's net compensable loss for medical/hospital expenses is $1,250. Although the Claimant has paid nothing towards this balance, she is obligated to pay the entire amount.

7. That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 80.1(e) of the Act.

8. That the Claimant's net loss can be determined on the following:

| | Compensable Amount |
|---|---|
| Christ Hospital | $1,250.00 |
| Paid Funeral Expenses | 1,371.95 |
| Total | $2,621.95 |

9. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That on July 6, 1992, Christ Hospital filed a hospital lien with the Illinois Court of Claims concerning the victim's outstanding hospital expense. The Court orders direct payment be made to the hospital in the instant case.

It is hereby ordered that the sum of $1,371.95 be and is hereby awarded to Marabia Clark, mother of Kahil Cuyler, an innocent victim of a violent crime.

It is further ordered that the sum of $1,250 be and is hereby awarded to Christ Hospital for the hospital expenses incurred by the Claimant, Marabia Clark.

## OPINION

SOMMER, C.J.

At the request of the Claimant, a hearing on the above entitled claim under the Crime Victims Compensation Act was held on March 12, 1993, before Commissioner Griffin.

The Claimant, Marabia Clark, appeared *pro se.* Roland W. Burris, Attorney General, by Charles Davis, Assistant Attorney General, appeared on behalf of the Respondent, State of Illinois.

On October 5, 1992, the Claimant was awarded the

sum of $1,250 for hospital expenses and the sum of $1,371.95 for funeral expenses. The compensation arose from the death of her son, Kahil Cuyler, age 18, who was a victim of a violent crime. After the funeral of the decedent, the Claimant held a catered reception for those attending the memorial service and now seeks to recover the cost of the catered service, claiming it as part of a traditional funeral.

The Court finds that a catered reception with food and drink is beyond what is regularly considered as funeral expenses under the Crime Victims Compensation Act and that there would have to be a provision in the Act allowing for payment of such. The Attorney General takes the position and we find that there is no provision in the Act allowing for payment of a catered reception with food and drink provided to those attending the services.

It is therefore ordered that the Claimant's request for additional compensation is denied, and this Claim is dismissed.